IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW ENGLAND LIFE INSURANCE COMPANY, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) Civil Action No. 07-300 ) |
| STEVE LINKOWSKI, JR., et al., | ) ) ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

On July 5, 2007, I issued an Order with respect to the Linkowski Defendants' Motion to Enforce / Compel. See Docket No. [96]. The Linkowski Defendants sought certain documents which had been requested of New England. Finding that New England had agreed, via a series of emails, to produce the Individual Business Committee meeting minutes ("IB meeting minutes") and that New England had offered nothing more than standard and routine objections to the remainder of the

1

documents,[1] I ordered that the documents be produced subject to certain restrictions, including the execution of an Amended Protective Order.

Having received neither the documents nor an executed Amended Protective Order, the Linkowski Defendants have filed a Motion to Enforce a July 5, 2007 Order of Court. See Docket No. [97]. New England counters with two separate Motions to Reconsider the July 5, 2007 Order. See Docket Nos. [107] and [109]. New England characterizes its earlier agreement to produce the IB meeting minutes as one made in haste and without full knowledge of the confidential and proprietary information contained therein. New England also advances several arguments, not raised in its opposition to the Motion to Enforce / Compel, as to why the remaining document requests are too broad.

Having fully considered the parties' respective positions, the Motion to Enforce (Docket No. [97]) and the Motions for Reconsideration (Docket Nos. [107] and [109]) are granted in part and denied in part as follows:

1. With respect to the IB meeting minutes, although New England did not articulate the standard for granting a motion for reconsideration, I accept that amending the prior Order is necessary to prevent a "manifest injustice." See Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 69, 677 (3d Cir. 1999). Clearly, New England made a grave mistake when it agreed to produce meeting minutes which contain confidential and proprietary information not relevant to this lawsuit.

---

[1] I noted that, in opposing the Motion to Enforce / Compel, New England did not elaborate on its standard and routine objections.

Nevertheless, the meeting minutes do contain some relevant information. Given that the facts are hotly contested, I find New England's proposed "stipulation" unacceptable. Instead, New England shall produce the IB meeting minutes in a redacted form. All references to companies and / or departments other than New England shall be redacted. Indeed, the Linkowski Defendants have not articulated how such information would be relevant to this case. A redacted version, provided that version includes plans and proposals for New England's future, whether ultimately adopted or not, should protect New England's concerns regarding the dissemination of irrelevant proprietary and confidential information.

2. With respect to the production of documents[2] in response to Request Nos. 4 and 5, again, New England failed to set forth a basis for granting a Motion for Reconsideration. There has been no intervening change of law, nor is there newly available evidence. See Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 69, 677 (3d Cir. 1999). Nor does New England's failure to take advantage of the opportunity to explain why the Requests were too broad or burdensome in responding to the original Motion to Enforce / Compel give rise to "manifest injustice." Nevertheless, I have reviewed Request Nos. 4 and 5, and modify my July 5, 2007 Order insofar as New England is not required to produce documents relating to subparts (I), (iii) and (iv) of Request Nos. 4 and 5. These subparts are broad in nature and the relevant information can be obtained from the more narrowly

---

[2] New England expresses a concern over the production of emails. My July 5, 2007 Order did not reference the production of electronic data and I do not read the Linkowski Defendants' submissions on this matter to request electronic data.

tailored requests set forth in the other subparts.  Further, with respect to subpart (ix) of Request Nos. 4 and 5, New England is to produce documents relating to the Linkowski Defendants in particular as well as any documents which discuss, from a global perspective, the transfers of NEF agents within the Enterprise.  New England is not required to produce documents relating to the transfer of individual agents within the Enterprise, unless those agents were employed / associated with the Linkowski Defendants.  Finally, with respect to subpart (x) of Request Nos. 4 and 5, again, New England need only produce documents relating to the Linkowski Defendants in particular, or those documents which discuss, from a global perspective, the financial advantages of keeping transferred NEF agents within the Enterprise.  New England does not have to produce documents relating to the financial advantages of keeping individual transferred NEF agents within the Enterprise, unless that individual was employed / associated with the Linkowski Defendants.

With respect to the files to be searched for the documents, New England has suggested that it may be able to obtain a number of the relevant documents from sources other than files of the eleven executives identified by the Linkowski Defendants. New England suggests that the Court order counsel to discuss reasonable places to search for responsive documents.  While I have my doubts, given the very litigious nature of this case, that such an approach will work, I will direct counsel to confer regarding the places to search for responsive documents.  Should counsel be unable to reach a consensus, counsel for the Linkowski

Defendants shall inform the Court and the Court shall schedule a telephone conference, at which point the matter will be resolved.

      3. Finally, with respect to the Motion to Enforce, I recognize that the parties have not yet resolved the matter of an Amended Protective Order.  The July 5, 2007 Order contemplated that the parties would work amicably towards drafting the Amended Protective Order; that the Order would include an "attorneys' eyes only" provision; that such provision would not preclude the attorneys from reviewing the documents with their clients for purposes of understanding the documents; and that the clients would not be given actual copies of the documents.  My understanding in this regard was based on the series of emails exchanged between Rachel Cowen on behalf of New England and Bill Labovitz on behalf of the Linkowski Defendants.  When Mr. Labovitz proposed the "attorneys' eyes only with the ability to review with client" provision via email at 3:15 p.m. on Wednesday, March 28, 2007, Ms. Cowen responded, via email, at 3:56 p.m., that she "had not [sic] problem with this arrangement." <u>See</u> Docket No. 114-4, p. 2.  Consequently, I am instructing the parties to again work together to draft an Amended Protective Order based upon the above understanding, and in light of the rulings set forth above.

      4.  Should the parties continue to be unable to resolve any discovery disputes without the aid of the Court, I will have to consider whether to enlist the aid of a special master pursuant to Rule 53.  While I do not view the case as particularly complex, the parties' seeming inability to work together to resolve even the most basic of disputes has resulted in an endless barrage of motions.  Perhaps the parties

need the guiding hand of an individual, to be compensated by them, who can more fully devote himself or herself to the task of working out discovery disputes without the distraction of a full docket.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

DATE: August 7, 2007